[Crim. No. 17036. In Bank. July 25, 1974.]

In re LAWRENCE L. LA CROIX on Habeas Corpus.

## COUNSEL

Paul L. Forman, under appointment by the Supreme Court, for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, James T. McNally, Anthony L. Dicce and Eddie T. Keller, Deputy Attorneys General, for Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner seeks a writ of habeas corpus claiming that he is improperly incarcerated as a parole violator without having been accorded parole revocation hearings mandated by *Morrissey* v. *Brewer* (1973) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]. We agree in part with petitioner but for reasons hereinafter stated hold that he is not entitled to relief.

Petitioner was convicted in 1971 of the felony of issuing a check without sufficient funds in the bank to cover the same and was sentenced to the state prison for the term prescribed by law. Thereafter, his term was fixed by the Adult Authority (Authority) at four years. In May 1972 he was released on parole in San Bernardino County. It appears from parole officers' reports that on July 7, 1972, petitioner issued to an automobile dealer a check in the sum of $4,308 which when presented for payment was returned to the dealer because of insufficient funds. At approximately the same time petitioner vacated his apartment without giving a required notification to his parole officer. On July 8 petitioner was involved in an accident when his vehicle struck another vehicle which was stopped at a traffic control light. He was arrested on a misdemeanor charge of driving while under the influence of an intoxicating liquor, commonly referred to as drunk driving (Veh. Code, § 23102, subd. (a)) and a breath analyzer test revealed a .25 percent blood alcohol content.

Petitioner failed to appear in court in answer to the foregoing charge and a bench warrant was issued for his arrest. He was arrested as a parole violator (Pen. Code, § 3056) on July 31 in Inyo County when he attempted to cash a check. On September 14 petitioner entered a plea of guilty to the drunk driving charge and thereafter served 30 days in the county jail.

Prior to petitioner's return to custody the Authority had ordered on July 28 that petitioner's parole be suspended and that he be returned to prison "pending further determination" of parole violations. (See *People* v. *Vickers* (1972) 8 Cal.3d 451, 461 [105 Cal.Rptr. 305, 503 P.2d 1313].) On September 26, while petitioner was still confined on the drunk driving conviction, specifications of parole violations were prepared. These included the leaving of the San Bernardino area without notification to his parole officer, writing a check without sufficient funds in the bank to cover the same and operating a vehicle while under the influence of intoxicating liquor in violation of Vehicle Code section 23102, subdivision (a), "as evidenced by his conviction" therefor. On October 20 the Authority again ordered that parole be suspended and that petitioner be returned to prison "for revocation proceedings."

On October 24, while still in the San Bernardino County jail although the term of confinement for the drunk driving conviction had expired, petitioner was given a copy of the charges of parole violation and a notice which advised him that he was entitled to a prerevocation hearing. (See *People* v. *Vickers, supra,* 8 Cal.3d 451, 456-457.) On that same day petitioner made a written request for such a hearing. Petitioner was transferred to prison on November 2, however, without the holding of a prerevocation hearing.

After the order to show cause was issued herein an in-prison parole revocation hearing was held on February 9, 1973. Petitioner pleaded not guilty to all charges of parole violation, but was found guilty as charged on all counts, and parole was formally revoked.

The initial issue is one which we have independently considered and resolved adversely to the People. In response to petitioner's complaint that he has been denied the prerevocation hearing mandated by *Morrissey* the People assert that *Morrissey* is inapplicable in those instances where the conduct constituting the charged violation is also charged as a new crime. In the case of *In re Valrie, ante* page 139 [115 Cal.Rptr. 139, 524 P.2d 812], filed this date we reject the People's claim of such nonapplicability of *Morrissey* and hold that the petitioner in that case was entitled to a timely prerevocation hearing which conformed to *Morrissey* standards although his alleged misconduct was also independently charged as a new crime. The petitioner in the instant case was likewise entitled to a prerevocation hearing.

The entitlement to a prerevocation hearing does not necessarily mean a hearing which is independent of collateral criminal proceedings involving the same course of alleged misconduct. In the case of *In re Law* (1973) 10 Cal.3d 21 [109 Cal.Rptr. 573, 513 P.2d 621] we considered whether

"the preliminary hearing provided for in our Penal Code in the case of a felony (see §§ 859-883) or the trial itself in the case of a misdemeanor may also serve as the probable cause hearing mandated by *Morrissey*. . . ." We concluded that the procedures afforded through the holding of a preliminary hearing "are inclusive of or may be made to conform to the proceedings mandated in *Morrissey*. . . ." (*Id.*, at p. 27.) We were less certain that misdemeanor proceedings, as apparently had in the instant case, would in each instance conform to *Morrissey* requirements for a prerevocation hearing grounded on the same course of conduct. Our chief concerns in such instances were, first, the timeliness of a misdemeanor trial and, second, the unavailability of a written record of trial proceedings.[1]

We also stated in *Law*, that the utilization of criminal proceedings for the secondary purpose of prerevocation hearings would require as a matter of due process "that a parolee have fair notice of the nature and effect of a hearing intended to serve such a dual purpose." (*Id.*, at p. 27.)

█ It appears in the instant case that the Authority might have sought to arrange that petitioner's trial for violation of Vehicle Code section 23102, subdivision (a), serve also as a prerevocation hearing. However, no such effort was made and petitioner cannot be deemed to have been given a prerevocation hearing by virtue of his conviction when he had no notice that such proceedings would also serve to satisfy *Morrissey* requirements.

This court in *Law* and the United States Supreme Court have made it clear that determinations necessary to revocations comporting with due process may be made by other procedures than those prescribed in *Morrissey*. The high court stated that it was obvious that "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 490 [33 L.Ed.2d 484, 499].) At the time petitioner here requested a prerevocation hearing he already

---

[1]Our statement in *Law* is as follows: "In the case when a parolee is accused of a new criminal offense which is charged as a misdemeanor those protections afforded during the course of the trial may in appropriate cases be sufficiently inclusive of the probable cause hearing procedures mandated by *Morrissey* to serve, *with proper notice or by agreement between the parolee and the Authority,* such dual purposes. We are constrained to note, however, two difficulties which may preclude effective use of such suggested combined procedure. . . .

"First, absent waiver or defense delay, trial on a misdemeanor may be postponed as long as 30 to 45 days following arraignment. . . . We do not herein adhere to the view that in cases where there has been a substantial lapse of time from arrest to disposition that the mandate of *Morrissey* . . . has been satisfied.

"Second, . . . transcripts of the trials of misdemeanors are rarely readily available and, indeed, generally cannot be obtained at all." (*Id.*, at pp. 27-28; italics added.)

had entered a guilty plea to and had been convicted of another crime, and his alleged parole violations were, in part, predicated upon such conviction. It thus appears that all substantive factual findings necessary to a conclusion that there was probable cause to establish a violation had occurred. In *People* v. *Vickers, supra,* 8 Cal.3d 451 we considered the situation where no factual issues were raised at the hearing on revocation and stated: "There is nothing in the opinion [in *Morrissey*] which forecloses a summary resolution . . . if an undisputed course of conduct constitutes, as a matter of law, a violation of one or more conditions of parole." (*Id.,* at p. 457, fn. 6.) Our comment in *Vickers* was made in reference to a revocation hearing but is equally applicable to the prerevocation hearing.[2]

Petitioner's conviction thus foreclosed the question of whether he had committed particular acts alleged as a basis for parole violation but it did not foreclose his right to a prerevocation hearing. In fact, our comment in *Vickers* contemplates a hearing for purposes of a determination whether the substantive issues are in fact undisputed and, if so, the legal effect thereof. It is thus clear that in all instances of alleged parole violations within this state a parolee who has not waived his right is entitled to a prerevocation hearing as mandated by *Morrissey*. (See *In re Valrie, supra, ante,* p. 139; *Sutherland* v. *District of Columbia Board of Parole* (D.D.C. 1973) 366 F. Supp. 270.) Although criminal proceedings involving the same course of conduct may also serve the purpose of a prerevocation hearing, as we have suggested in *Law,* or may be summarily disposed of as suggested in *Vickers* (see also fn. 2, *supra*), no determination of probable

---

[2]The procedural rights mandated by *Morrissey* are applicable only in those instances wherein a parolee has been physically deprived of his conditional liberty pursuant to a claimed parole violation. (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 482 [33 L.Ed.2d 484, 494-495].) If he is taken into custody on new criminal charges without having been arrested as a parole violator or subjected to a "parole hold" (see *In re Law, supra,* 10 Cal.3d 21, fn. 2), *Morrissey* is inapplicable and continues to be inapplicable until such time as he is subjected to restraint as a parole violator, although a continuing, unreasonable delay in so charging him may raise other due process issues.

We note also that when there has been a deprivation of a parolee's conditional liberty because of alleged parole violations, the circumstances may be so markedly different from those contemplated in *Morrissey* that due process would not require blind obedience to each step of the revocation procedures enunciated by *Morrissey*. (See *Small* v. *United States* (10th Cir. 1970) 421 F.2d 1388, 1389.) When, for instance, a parole violation is charged only after a criminal conviction and in part because of such conviction, the factual issues resolved in the criminal proceedings are foreclosed and the parolee cannot relitigate them. (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 490 [33 L.Ed.2d 484, 499-500].) As a *Morrissey* prerevocation hearing seeks only to establish probable cause to believe a parole violation has occurred it is manifest that all that need be demonstrated at such hearing would be the fact of a post-parole conviction, the fact that such conviction violated a condition of parole, and the further fact that such conviction was suffered by the particular parolee.

cause was ever made in the instant case because there were no proceedings which could be deemed to have satisfied *Morrissey* requirements for a prerevocation hearing.[3]

■ Having concluded that petitioner was entitled to a prerevocation hearing we next consider whether he may be held to have waived such right in the particular circumstances here present. We have no doubt that the right may be expressly waived and it may be deemed to have been waived when a parolee, with knowledge of the right, fails to assert it in a timely manner. (Compare *People* v. *Wilson* (1963) 60 Cal.2d 139, 148 [32 Cal.Rptr. 44, 383 P.2d 452] [waiver of a right to a speedy trial by failure to assert in a timely fashion].) In the instant case, however, petitioner's written request that a prerevocation hearing be accorded to him was made on the very day on which notice of parole revocation charges and of his right to a prerevocation hearing was served. Certainly his request negated any implication that he intended to forego a prerevocation hearing and, in the absence of other evidence bearing on the question, petitioner cannot be deemed to have waived his right thereto.[4]

[3]In the case of *In re Scott* (1973) 32 Cal.App.3d 124 [108 Cal.Rptr. 49] the Authority revoked parole upon a violation grounded on conduct which also resulted in the conviction of a new crime. It was held in that case a prerevocation hearing is unnecessary when revocation is based upon the conviction of a new crime. To the extent that *Scott* is inconsistent with our views herein it is disapproved.

We do not reach the question whether a prerevocation hearing may be dispensed with in those instances when the revocation hearing itself is conducted at a time and place and in a manner which otherwise satisfies *Morrissey* requirements for a prerevocation hearing. We note in that connection, however, that as reason for a prerevocation hearing the court stated in *Morrissey:* "There is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked. Additionally, it may be that the parolee is arrested at a place distant from the state institution, to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources available." (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 485, [33 L.Ed.2d 484, 496].)

In *Richardson* v. *New York State Bd. of Parole* (1973) 41 App.Div.2d 179 [341 N.Y.S.2d 825], the court held that none of a parolee's rights had been violated when, without a preliminary hearing, parole was revoked at a hearing held only 19 days after the arrest. The court noted that the need for a *Morrissey* preliminary hearing may be "obviated if the Board proceeds immediately upon a final revocation hearing." (*Id.,* at p. 827; see also *Walczak* v. *Department of Corr. Services* (1973) 73 Misc.2d 369 [342 N.Y.S.2d 146], where the final revocation hearing was held within 21 days of the arrest of the parolee.)

[4]This is not a situation where the parolee was given notice of the charges, informed of his right to a prerevocation hearing, advised that he would be deemed to have waived such hearing in the absence of a timely request therefor, and thereafter he elected not to make such a timely request. Under such circumstances there would be no denial of due process in withholding a prerevocation hearing as such conduct would constitute a waiver of such right.

■ The denial of petitioner's right to a timely prerevocation hearing notwithstanding his timely effort to assert it does not necessarily mean that he is automatically entitled to relief therefrom. Due process does not require that a parolee benefit from such a denial, but only that no unfairness result therefrom. Accordingly, in the absence of evidence that the Authority is not making a good faith effort to comply with the mandates of *Morrissey* and our decisions in this respect, a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing.[5]

We have not heretofore considered the measure of prejudice necessary to the granting of relief from a restraint of liberty resulting from improper proceedings before an administrative agency. In the familiar judicial context, however, appellate courts have often considered the measure of prejudice resulting from a lack of compliance with federal constitutional mandates in criminal proceedings. Prejudice is not presumed merely because of a failure to comply and in particular instances denials of constitutional proportions may be deemed harmless. However, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) No reason appears why the same standard would not insure due process fairness to a parolee who was wrongfully denied a timely prerevocation hearing, and we adopt that standard in testing whether a parolee is prejudiced by the denial of a timely prerevocation hearing.

■ It is manifest that in the instant case petitioner cannot establish that he was prejudiced by the denial of such a timely prerevocation hear-

---

[5]A different rule prevails in criminal proceedings. When a preliminary hearing has been wrongfully denied "prejudice must be presumed." (*People* v. *Elliot* (1960) 54 Cal.2d 498, 506 [6 Cal.Rptr. 753, 354 P.2d 225].) The rationale for the rule, however, is one which goes to the jurisdiction of the court. "The theory of these cases is that where the accused is not legally committed within the meaning of section 995 of the Penal Code, the commitment is voidable. Upon proper objection, the superior court has no jurisdiction to proceed. It is the same as if no preliminary examination at all had been held, and is analogous to the situation where no evidence to connect the accused with the crime is introduced at the preliminary examination. In such event, of course, the information must be quashed." (*Id.,* at p. 503.)

A prerevocation hearing is distinguishable in principle from a preliminary hearing in criminal proceedings as the existence of probable cause is not necessary to the establishment of *jurisdiction* over the parolee. The Authority has a continuing jurisdiction over its parolees (Pen. Code, § 3056) and a proper finding of probable cause for a parole violation is necessary to insure fairness in the revocation proceedings.

ing. He does not suggest any manner in which he can successfully challenge the fact of his post-parole conviction of driving while under the influence of intoxicating liquor and the fact that such conviction constituted a violation of a condition of parole. He presents nothing which even suggests that all factual issues to be presented at the summary prerevocation hearing to which he was entitled would not necessarily have been resolved against him. (See fn. 2, *supra.*) He thus fails completely to demonstrate prejudice (see *In re Swain* (1949) 34 Cal.2d 300 [209 P.2d 793]), and we can declare without reservation that the denial in this case was harmless beyond a reasonable doubt. (*Chapman* v. *California, supra,* 386 U.S. 18, 24.)

We have rejected, as indicated by our foregoing discussion, petitioner's contention that in all instances of a wrongful denial of a timely prerevocation hearing a parolee must be restored to parole status.[6] We would impose such a severe sanction only on a showing that the Authority is unresponsive to mandates of *Morrissey* and its progeny and must be coerced to comply therewith. No showing of this nature has been made. We are not unmindful, however, of the likelihood that a parolee who is charged with a parole violation based on a post-parole criminal conviction will seldom be able to demonstrate prejudice resulting from the denial of a requested prerevocation hearing. We will not anticipate that the Authority will, for that or any reason, intentionally withhold hearings to which a parolee is entitled.[7]

---

[6]Where there was an unreasonable delay under a federal statute requiring a revocation hearing within a reasonable time after arrest for a parole violation, the petitioner was restored "to the same circumstances and conditions of release on parole" as existed when first granted. (*United States* v. *Kenton* (D. Conn. 1966) 256 F.Supp. 296, 301.)

[7]We take notice of the very extensive changes in its practices which *Morrissey* and its progeny require of the Authority. We note also that the Authority has undertaken to make such changes, although it is apparent that in its numerous applications and briefs submitted to this court in this and other cases since *Morrissey* the Authority has consistently taken the position that a prerevocation hearing is not required when conduct alleged to constitute violations of parole is also charged as a new crime. It appears that the practice has been, in the absence of what the Authority deemed to be a clear direction in *Morrissey,* to deny prerevocation hearings in such instances. Although we have now rejected this position on the merits (*In re Valrie, supra, ante,* p. 139), we conclude that the Authority relied and acted in good faith on its misinterpretation of *Morrissey.* We have every reason to believe that it will now implement the directions contained in this and our other pertinent opinions.

An individual parolee whose right to a timely hearing has been wrongfully denied and who is, for that reason, wrongfully restrained, may take action to obtain his hearing. He may petition the superior court for a writ of habeas corpus. Should that court determine the restraint to be unlawful it may order the Authority either to release the petitioner on parole or to conduct a timely prerevocation hearing. (See *In re Valrie, supra, ante,* p. 139.)

█ The foregoing does not yet conclude our inquiry. Petitioner further contends that because there was a delay of more than six months between his arrest as a parole violator and the revocation of his parole, or a delay of almost four months between the date upon which he requested compliance with *Morrissey* requirements and the revocation of parole, he is entitled to be restored to parole. *Morrissey* provides: "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as the state suggests occurs in some cases, would not appear to be unreasonable." (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 488 [33 L.Ed.2d 484, 498].) The rule as thus announced in *Morrissey* is one of reasonableness, which requires a balancing of all relevant circumstances. Certainly we would deem two of such circumstances to be the fact of pending criminal proceedings and the restraints otherwise imposed on a parolee charged with a new crime. We also recognize that a parolee may expressly or by implication waive the time within which the state must proceed to the revocation hearing.

The reason for the delay after petitioner's conviction does not appear. He was available and could have been returned to prison by the Authority upon his conviction and sentencing in the misdemeanor proceeding in September. Although he requested a prerevocation hearing in October he thereafter did not pursue it and, as far as appears, was content to let the Authority move at its own pace. At no time insofar as appears did petitioner make any formal or informal objection to the fact that he had not obtained a revocation hearing or that the hearing when had was not timely.

█ The fundamental right to a timely revocation hearing cannot be denied. That right, however, is no more fundamental than the constitutional right to a speedy trial. (Cal. Const., art. I, § 13; see also *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]; *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809].) Such latter right, however, is deemed waived where an accused fails to object to a trial set beyond what otherwise may have been a reasonable period of time after the bringing of criminal charges. The failure to object in such a case presumes consent. (*People* v. *Rongo* (1914) 169 Cal. 71 [145 P. 1017]; *People* v. *George* (1949) 9 Cal.App. 2d 537, 541-542, 544 [205 P.2d 464].) When a parolee charged with parole violations intends to preserve his right to a determination on the merits within the limits of "reasonable time" as delineated in *Morrissey* he, like an accused charged with a crime, cannot sit idly by and be heard to complain only after proceedings have been concluded adversely as to him. Certainly he cannot be accorded greater protection in preserving his conditional liberty than an accused charged with the commission of a

criminal offense. (See *People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal. Rptr. 44, 383 P.2d 452].) In the absence of a record that petitioner took affirmative action to preserve his right to a timely revocation hearing, he is deemed to have consented to the delay of which he now complains. He is thus entitled to no relief.

While this matter was pending before us petitioner filed an application for release from restraints, either upon his own recognizance or the fixing and posting of bail. We have held that a parolee taken into custody pursuant to a "parole hold" was not entitled to release on bail. (*In re Law, supra,* 10 Cal.3d 21.) Although petitioner here is not now held pursuant to a "parole hold" as in *Law,* the rationale of the rule in that case compels the same conclusion whatever the technical nature of the claimed unlawful restraint arising out of an alleged parole violation. Clearly, if petitioner was not entitled to release on bail he was not entitled to release on his own recognizance.

The application for release on bail or on petitioner's own recognizance is denied. The order to show cause is discharged, and the petition for the writ is denied.

McComb, J., Tobriner, J., Burke, J., Sullivan, J., and Clark, J., concurred.

Petitioner's application for a rehearing was denied September 12, 1974.