[Crim. No. 17113. In Bank. July 25, 1974.]

In re CALVIN VASE VALRIE on Habeas Corpus.

140

**COUNSEL**

Victor Sherman and Nasatir, Sherman & Hirsch for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier and S. Clark Moore, Assistant Attorneys General, and Russell Iungerich, Deputy Attorney General, for Respondent.

**OPINION**

**WRIGHT, C. J.**—We issued an order to the Sheriff of the County of Los Angeles directing that he show cause why the petitioner, a California parolee, should not be relieved of a "parole hold" (Pen. Code, § 3060)

following his indictment and arrest by federal authorities for narcotic violations. The People contend that the prerevocation hearing mandate in *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] (see also *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]) is inapplicable to individuals on parole who are charged with the commission of a criminal offense. We reject this contention and as petitioner has not been accorded the protections required by *Morrissey,* he is entitled to the relief hereinafter provided.

Petitioner was convicted in 1967 following his plea of guilty to a narcotics violation (Health & Saf. Code, § 11501) and was sentenced to state prison. Petitioner's five years to life sentence was fixed by the Adult Authority (Authority) in 1971 at seven years, and he was released on parole on condition, among others, that he "go to hold" to complete a prior federal sentence. (See *In re Schoengarth* (1967) 66 Cal.2d 295, 300-301 [57 Cal.Rptr. 600, 425 P.2d 200].) Petitioner apparently reverted to California parole status after satisfying the federal restraint.

While still on California parole petitioner was again arrested on federal narcotic charges on June 23, 1973. Bail in the amount of $10,000 was posted and he was released from federal custody on June 25. He was immediately arrested by California authorities on suspicion of a violation of parole. (Pen. Code, § 3056.)

The federal authorities first set a preliminary hearing in the new criminal proceedings for July 5. On that date, however, an indictment was returned by a grand jury which met in secret with no court reporter and the preliminary hearing was taken off calendar. The Attorney General acknowledged at the oral argument before this court that petitioner has continually been held without further proceedings of any type pursuant to the parole hold pending trial on the federal charges which was scheduled for April 1974.[1] On September 9, 1973, we denied petitioner's application for bail pending determination of the validity of the parole hold. (*In re Law* (1973) 10 Cal.3d 21 [109 Cal.Rptr. 573, 513 P.2d 621].)

■ Petitioner complains that he has been denied the prerevocation hearing mandated by *Morrissey* in the case of a parolee arrested on suspicion of a parole violation. In setting forth minimal due process requirements the Supreme Court viewed parole revocation as a two-step procedure—"an initial determination that there exist or do not exist grounds which may support revocation thus justifying a temporary detention pending formal revocation proceedings, and the more formal proceedings re-

---

[1]We have since been advised that the criminal charges were dismissed in April 1974.

quiring factual determinations and disposition based thereon." (*People* v. *Vickers, supra,* 8 Cal.3d 451, 456.) The initial proceedings, here termed a prerevocation hearing, are compelled because "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and *as promptly as convenient after arrest while information is fresh and sources are available.*" (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 485 [33 L.Ed.2d 484, 496]; italics added.)[2] At the time of petitioner's arrest for the alleged parole violation his counsel requested in petitioner's behalf a *Morrissey* prerevocation hearing and, when the request was not granted, filed a timely application for the instant writ relief.

The People contend that notwithstanding the long and continuing delay there has been no failure to comply with the mandate to make the prerevocation determination "as promptly as convenient after arrest." In fact, the People contend that the hearing may be delayed during such time as federal criminal proceedings are pending, whatever the length of time may be involved.

The People's position is predicated on a claim that *Morrissey* is inapplicable when the alleged parole violation is also charged as a new criminal offense, either by federal or state authorities. *Morrissey* itself dealt with conduct which consisted only of alleged parole violations. The opinion does not expressly provide that it is or is not applicable in instances wherein the alleged parole violation is also charged as a new crime. However, the court made reference to such circumstances when it stated: "Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." (*Id.,* at p. 490 [33 L.Ed.2d at p. 499].) The People seize upon this language as meaning that if the alleged violation is also charged as a crime there is no compulsion to determine

---

[2]Our inquiry here deals with the complete failure of a timely or any prerevocation hearing. Not of immediate concern is the nature of hearing mandated by *Morrissey.* In *Vickers* we described the hearing in the following language. "The determination [of cause to hold for a formal hearing] need not be made by a judicial officer, but could be made by some qualified person such as a parole officer who was not directly involved in the case. The initial hearing need not be formal, but the parolee must be given notice of the time, place and purpose thereof, and of the alleged parole violations. At the hearing the parolee is entitled to appear and speak personally in his own behalf, and bring and present letters, documents and other persons who can give relevant information to the hearing officer. Adverse witnesses are to be made available for questioning by the parolee except when the hearing officer determines that an informant would be subject to risk of harm if his identity were disclosed. The hearing officer must make a summary or digest of the proceedings and must determine if there exists probable cause to hold the parolee for revocation proceedings against him." (*People* v. *Vickers, supra,* 8 Cal.3d 451, 456-457.)

the question of the violation until the question of conviction has been litigated.

The *Morrissey* language lends itself to several interpretations other than that urged by the People. It appears evident that because the United States Supreme Court expressly purports to state what it deems to be the obvious, it did not intend to announce in a casual manner a concept as basic as that claimed by the People. Surely, if the court intended to limit the application of its opinion to hearings on violations not also charged as crimes, it would not only have expressly so stated but would also have given reasons for the different treatment in the two situations.

We have had occasion to review and consider the application of *Morrissey* in the context of criminal violations. In the case of *In re Law, supra,* 10 Cal.3d 21 we recognized the applicability of *Morrissey* in the following language: "Although the question was not directly raised whether, in a case where a parolee is arrested by reason of the alleged commission of a new criminal offense, the preliminary hearing provided for in our Penal Code in the case of a felony (see §§ 859-883) or the trial itself in the case of a misdemeanor may also serve as the probable cause hearing mandated by *Morrissey* v. *Brewer, supra,* 408 U.S. 471, we nevertheless deem it appropriate to consider the same. . . ." (*Id.,* at p. 26.) We concluded in *Law* that "the procedures afforded through the holding of a preliminary hearing are inclusive of or may be made to conform to the proceedings mandated in *Morrissey.* . . . In such instance no purpose would be served by requiring a determination that there exists probable cause to believe that a particular act occurred which constitutes a violation of parole independently of a prior determination of the existence of probable cause of the commission of a felony grounded on the same occurrence." (*Id.,* at p. 27.) It thus appears that the determination at a preliminary hearing may well be the very type of determination to which the high court had reference when it stated that a parolee may not relitigate, within the context of *Morrissey* proceedings, "issues determined against him in other forums." Such a construction of the critical language in *Morrissey* precludes the meaning urged by the People.[3]

---

[3] Although the United States Supreme Court has not spoken directly to the issue it may be deemed to have recognized, as we did in *Law,* that due process requires the same protections for a parolee or probationer in revocation proceedings without regard to whether the alleged violations are also charged as new crimes. Thus in *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756], a probationer charged with violations of probation which included an arrest for burglary was held to be entitled to both hearings prescribed in *Morrissey.* (*Id.,* at pp. 780, 791 [36 L.Ed.2d at pp. 660, 666-667].)

*Law* also notes with concern the untimely delay which might result when misdemeanor proceedings are utilized to serve both criminal and *Morrissey* purposes. "First, absent waiver or defense delay, trial on a misdemeanor may be postponed as long as 30 to 45 days. . . . (§ 1382, subd. 3.) We do not herein adhere to the view that in cases where there has been a substantial lapse of time from arrest to disposition that the mandate of *Morrissey* to the effect that the probable cause hearing be conducted 'as promptly as convenient after arrest while information is fresh and sources are available' . . . has been satisfied." (*Id.,* at p. 28.) In the instant case, as we have seen, there has already been considerably more delay than that contemplated in *Law* when misdemeanor proceedings are relied upon to meet *Morrissey* demands.[4]

The People's reliance on pre-*Morrissey* cases (*Small* v. *United States Board of Parole* (10th Cir. 1970) 421 F.2d 1388; *In re Payton* (1946) 28 Cal.2d 194 [169 P.2d 361]; *In re Etie* (1946) 27 Cal.2d 753 [167 P.2d 203]; *In re Cleaver* (1968) 266 Cal.App.2d 143 [72 Cal.Rptr. 20]) is unavailing. They also rely on language appearing in the case of *In re Edge* (1973) 33 Cal.App.3d 149 [108 Cal.Rptr. 757]. There, however, parole violations based on criminal conduct were not charged until *after* the criminal proceedings had been completed and convictions secured, and the language relied on is thus inapposite. Nothing said in that case is inconsistent with the views expressed herein.

Petitioner has established that he has been denied *Morrissey* protections. He has, moreover, preserved his right to a prerevocation hearing by making a timely request therefor and by seeking timely relief pursuant to his instant application for the writ. (See *In re La Croix, post,* pp. 146, 155, fn. 7 [115 Cal.Rptr. 344, 524 P.2d 816].) The parole hold, accordingly, must be terminated and petitioner must be restored to the same parole status prevailing prior to the conduct currently charged as parole violations.

It does not necessarily follow that because petitioner is restored to parole the Authority cannot again charge him with parole violations based on the identical course of conduct which caused the parole hold to be placed against him and thereafter attempt to effect a revocation of parole

---

[4]The instant case is otherwise illustrative of the likelihood of serious denials which could result had we adopted the People's contention. Almost 10 months elapsed before federal charges were dismissed without a determination of any of the substantive issues relevant to either the prerevocation or revocation hearings mandated by *Morrissey*. During all this period petitioner was subjected to a parole hold and his status as a parolee, insofar as we are informed, remained unresolved.

in accordance with the mandates of *Morrissey* and its progeny.[5] In countering the assertion of such belated charges, however, petitioner may additionally defend on the ground that untimely delays between the dates of the alleged misconduct and any hearings thereon deprived him of a fair opportunity to acquit himself of the charges, resulted in prejudice to him and thus deprived him of procedural due process. (See *Morrissey* v. *Brewer, supra,* 408 U.S. 471, 485; *In re La Croix, supra, post,* p. 146.)

The Adult Authority is ordered to terminate its parole hold and restore petitioner to parole as herein provided. Except to the extent that the relief prayed for has been accorded to petitioner the order to show cause is discharged and the petition for writ of habeas corpus is denied.

McComb, J., Tobriner, J., Sullivan, J., Clark, J., and Files, J.,* concurred.

---

[5]We draw upon the analogy of rules relating to requirements for a speedy trial. (See *In re La Croix, supra, post,* p. 146.) When a defendant is discharged and an information dismissed for want of a speedy trial, such dismissal is not a bar to a subsequent prosecution under a new information charging the same offense based on the same course of criminal conduct. (*People* v. *Dawson* (1930) 210 Cal. 366, 369 [292 P. 267]; *In re Begerow* (1902) 136 Cal. 293 [68 P. 773]; *People* v. *Nelson* (1964) 228 Cal.App.2d 135, 138 [39 Cal.Rptr. 238].)

*Assigned by the Chairman of the Judicial Council.