552 P.2d 1197

Michael **CARRION**, Petitioner,

v.

The **STATE** of Arizona, and the Department of Corrections, John J. Moran, Director, Respondents.

No. H–700.

Supreme Court of Arizona,
In Banc.

July 20, 1976.

Bruce E. Babbitt, Atty. Gen., by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for respondents.

Michael Carrion, in pro. per.

STRUCKMEYER, Vice Chief Justice.

Petitioner seeks a writ of habeas corpus asserting that he was improperly imprisoned as a parole violator without having been accorded the parole revocation hearings required by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). For the reasons stated, we hold that he is not entitled to the issuance of the writ.

Petitioner was convicted of a felony in 1973 and sentenced to five to ten years at the Arizona State Prison at Florence, Arizona. On December 2, 1974, he was released on parole. On November 17, 1975, petitioner entered pleas of guilty in the Avondale City Court, Maricopa County, Arizona, to Count One, disturbing the peace, and Count Two, possession of marijuana. On December 28, 1975, petitioner entered pleas of guilty in the Avondale City Court to Count One, carrying a concealed weapon, and Count Two, simple assault.

A warrant for petitioner's arrest was issued on January 15, 1976 and petitioner was returned to the Arizona State Prison as a parole violator on March 31, 1976. On April 28, 1976, the Arizona Board of Pardons and Paroles met at the State Prison. Petitioner appeared before it and a revocation hearing was held. The transcript of the hearing shows that petitioner had notice of and was aware of the rights involved in the hearing, that he admitted the allegations of the parole revocation petition, that he offered nothing in mitigation and was found in violation of his parole. His parole was revoked with the loss of one year's "street time."

The United States Supreme Court in *Morrissey v. Brewer,* supra, held that even though the revocation of parole is not a part of the criminal prosecution, the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process. It was further held that a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he had committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation determinations.

It is clear from the record that the two-hearing procedure set forth in *Morrissey v.*

*Brewer* was not complied with, in that petitioner did not have the mandated preliminary hearing. The importance of the preliminary hearing arises out of the fact that there a parolee is entitled to notice of the alleged parole violations, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

We do not, however, think that the loss of these rights resulted in prejudice to petitioner either before or at the ultimate revocation hearing. At the revocation hearing, petitioner acknowledged that he violated conditions 3, 7 and 8 of his parole, which essentially involved the misdemeanors to which he pled guilty in the Avondale City Court. We reject the petitioner's contention that in all instances of a denial of a timely preliminary revocation hearing a parolee must be returned to parole status. In this we are in agreement with the Supreme Court of California's conclusion in *In re La Croix*, 12 Cal.3d 146, 115 Cal.Rptr. 344, 524 P.2d 816 (1974):

> "The denial of petitioner's right to a timely prerevocation hearing notwithstanding his timely effort to assert it does not necessarily mean that he is automatically entitled to relief therefrom. Due process does not require that a parolee benefit from such a denial, but only that no unfairness result therefrom. Accordingly, * * * a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing." 115 Cal.Rptr. at 350, 524 P.2d at 822.

Petitioner's application for writ of habeas corpus is denied.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.