Filed 6/16/16  P. v. Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B267203 |
| Plaintiff and Respondent, | (Super. Ct. No. 2010006106) |
| | (Ventura County) |
| v. | |
| DOMINIC B. GARCIA, | |
| Defendant and Appellant. | |

Dominic B. Garcia appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation procedures employed by Ventura County violated his right to due process because:  he was not provided with counsel at his probable cause hearing before the supervising agency; was not brought before the court for arraignment within 10 days of arrest; did not have a probable cause hearing before the court within 15 days of arrest; a probation officer asked him to waive his rights before the revocation petition was filed; and a probation officer (rather than a judicial officer) served as the probable cause hearing officer.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

# FACTUAL BACKGROUND

In 2010, Garcia was granted probation and ordered to serve 365 days in jail after plea of guilty to corporal injury to spouse/cohabitant (§ 273.5, subd. (a)), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)), violation of a protective order (§ 273.6, subd. (b)), and petty theft (§ 484, subd. (a)).

In 2011, probation was revoked and Garcia was sentenced to a two-year prison term.

Garcia was released in 2012 on PRCS following realignment. The Ventura County Probation Agency is his supervising agency. As a condition of release, he agreed to report to probation within two days of his release from custody, not be absent from Ventura County for more than 48 hours without prior written approval, maintain a residence with a street address as approved by probation, submit to drug testing, attend domestic violence counseling sessions, and participate in programs as directed. He also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of his release. (§ 3453, subd. (q).)

In May 2015,[2] after being released from custody following his fourth violation of probation, Garcia absconded. He was arrested in July for failing to report as directed, absconding from Ventura County, failing to report for drug testing, and failing to re-enroll in domestic violence and behavioral health counseling programs.

Three days after his arrest, Garica was arraigned in court with counsel present. On the same day, Senior Deputy Probation Officer Venessa Meza met with Garcia. Meza advised Garcia in writing that he had the right to written notice of the alleged violations, the right to an administrative hearing within two days, and the right at that hearing to speak on his own behalf and present letters and documents. Meza conducted an administrative probable cause hearing, and concluded there was probable cause to believe that Garcia violated the terms of PRCS. Meza advised Garica of his

---

[2] All future dates are in the year 2015.

right to a formal revocation hearing at which he would have the right to be represented by an attorney, the right to call and confront witnesses, and the right to testify or remain silent. Garcia refused to waive his rights and requested counsel.

Seven days after Garcia's arrest, the probation agency filed a revocation petition. The hearing was set for 20 days after Garcia's arrest.

On July 24 (six days before the hearing), Garcia moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process. He argued he was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest.

The trial court denied Garcia's motion to dismiss and heard the revocation petition. Garcia submitted on the probation officer's report. The trial court found him in violation of PRCS and ordered him to serve a 160-day jail sentence.

## DISCUSSION

### Due Process Requirements

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections. (*Morrissey v. Brewer* (1972) 408 U.S. 471, 482 (*Morrissey*) [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.) It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

### The Probable Cause Hearing

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case." (*Id.* at pp. 485-486 [probable cause determination for

3

parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.) To conform to due process, the probable cause determination must be preceded by notice of the hearing and the alleged violations, and must provide an opportunity for the supervised person to speak on his own behalf, present evidence, and question adverse witnesses. (*Morrissey*, at pp. 485-486; *Vickers*, at pp. 456-457.) The officer who determines probable cause must summarize what occurs at the hearing, but need not make formal findings of fact and law. (*Morrissey*, at p. 487; *Vickers*, at p. 457.)

Meza conducted a *Morrissey*-compliant administrative probable cause hearing. Three days after arrest, she gave Garcia written notice of the claimed violations and an opportunity to be heard. Meza advised him of his rights and found cause to believe he was in violation of PRCS. Meza was sufficiently "neutral and detached" to make the determination because she was not "directly involved in the case." (*Morrissey*, *supra*, 408 U.S. at pp. 485-486.) Another probation officer prepared the report in support of revocation, and there has been no showing that Meza was involved in the arrest.

Garica was not entitled to counsel at the probable cause hearing because it was a summary proceeding, not a formal proceeding. (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462.) Under *Vickers*, a probationer is entitled to counsel for "formal proceedings for the revocation of probation," although *Vickers* also states that counsel is required "at all revocation proceedings other than at summary proceedings had while probationer remains at liberty after absconding." (*Id*. at p. 461.) In *Vickers*, all proceedings were court proceedings following the initiation of a petition to revoke probation in contrast to proceedings before the "supervising agency" during the statutorily authorized "flash incarceration" period. Moreover, the record reveals that Garica was provided with counsel at the first court proceeding on July 13. There is no requirement that counsel be provided at the administrative probable cause hearing.

*Williams v. Superior Court Does Not Apply to PRCS Revocations*

In *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*William*s), the court applied the *Morrissey* and *Vickers* safeguards to the post-realignment statutory

4

framework for parole revocation. It concluded that revocation of parole conforms to due process if the parolee is arraigned within 10 days of arrest and afforded a judicial probable cause hearing within 15 days of arrest and a formal revocation hearing within 45 days of arrest. (*Id*. at p. 643.) But its decision was guided by statutes that do not apply to PRCS. (*Id.* at pp. 657-658, 662; §§ 3000.08, 3044.) Section 3000.08, subdivision (c) provides that an officer with probable cause to believe "a parolee" is violating a condition of release may arrest the person and "bring him or her before the court." In contrast, section 3455, subdivision (b)(1) provides that an officer with probable cause to believe a person subject to PRCS is violating a condition of release may arrest the person and "bring him or her before the supervising county agency." Section 3044, subdivision (a)(1) and (2) provides that the "parolee shall be entitled to a probable cause hearing no later than 15 days following his or her arrest for violation of parole," and a formal revocation hearing no later than 45 days after arrest. There are no corresponding requirements for persons arrested for violation of PRCS. Section 3455 provides that a person arrested for violating PRCS shall be brought "before the supervising agency," and any petition for revocation must be heard "within a reasonable time."

*Garcia Has Failed to Demonstrate Prejudice*

Garcia argues that his due process rights were violated in many respects, including those assertions addressed above. But the underlying problem with his appeal is this: No matter what due process violation is claimed, he makes no showing of prejudice at the formal revocation hearing. He submitted at the revocation hearing and has now served his sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) But Garcia makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Because he was found in violation and has

5

served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

6

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.