Filed 8/17/16  P. v. Madrid CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC DANIEL MADRID,<br><br>    Defendant and Appellant. | 2d Crim. No. B267307<br>(Super. Ct. No. 2012020834)<br>(Ventura County) |

Eric Daniel Madrid appeals from an order revoking his postrelease community supervision (PRCS) and confining him in the county jail for 180 days. Appellant contends that the revocation proceedings violated his due process rights.  We affirm.

*Procedural Background*

In April 2015, appellant was sentenced to prison for two years for carrying a loaded firearm in a public place.  (Pen. Code, § 25850, subd. (a).)  In June 2015 he was released to PRCS for a period not exceeding three years.

On September 1, 2015, appellant was arrested for new offenses.  At an administrative probable cause hearing conducted two days after his arrest, Senior Deputy Probation Officer Venessa Meza found that probable cause existed to believe that appellant had violated the terms of PRCS.  Officer Meza was not appellant's current supervising probation officer and had not been involved in his arrest.  Appellant signed a

form acknowledging that he had been advised of his rights, including "the right to present letters and documents and to speak on [his] own behalf at [the administrative probable cause] hearing." He signed another form waiving his right to a PRCS revocation hearing, admitting that he had violated the terms of PRCS, and agreeing that he be confined in county jail for 180 days and thereafter returned to PRCS. Appellant was not represented by counsel.

A petition for revocation of PRCS was filed. A court hearing on the petition was set for September 17, 2015, 16 days after appellant's arrest. Appellant's counsel filed a request to dismiss the petition. Counsel alleged: "[T]he postrelease supervision revocation process violates [appellant's] procedural due process rights by not providing for an arraignment date 10 days from his arrest, and a probable cause hearing 15 days from his arrest."

On September 17, 2015, the trial court denied the request for a dismissal as well as appellant's request for a continuance. The court revoked PRCS and ordered appellant to serve 180 days in county jail.

*Appellant Was Not Denied Due Process*

Appellant argues that he was denied due process because the administrative probable cause hearing failed to comply with the requirements of *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (*Morrissey*). Appellant complains that, instead of "mak[ing] a meaningful effort" to provide a *Morrissey*-compliant hearing, the probation agency engaged in "an ex-parte process . . . to secure a waiver of rights . . . [that] was not a true fact-finding probable cause hearing." "[T]he basic purpose of the administrative hearing [was] to obtain an early [modification of supervision] agreement from [appellant] before he [was] represented by counsel and before the filing of a petition [for revocation of PRCS]."

The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. They do not violate the due process requirements of *Morrissey*. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th

2

393.  We follow our own precedent.  The trial court did not err in denying the request for a dismissal.

*Appellant Has Failed to Show Prejudice*

Even if appellant had not received a *Morrissey*-compliant probable cause hearing, he would not be entitled to relief because he has failed to show prejudice.  "[I]n the absence of evidence that the [Parole] Authority is not making a good faith effort to comply with the mandates of *Morrissey* . . . , a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing."  (*In re La Croix* (1974) 12 Cal.3d 146, 154, fn. omitted; see also *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238 ["defendant's claim of error fails because he has not shown prejudice arising from the nature of the initial revocation proceeding"].)  We reject appellant's contention that "the absence of counsel and a neutral adjudicator [at the administrative probable cause hearing] removes the foundation for applying the harmless error doctrine . . . ."

*Disposition*

The order revoking PRCS and confining appellant in the county jail for 180 days is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.


3

Gilbert Romero, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.