**Vashon Tyrone JACKSON, Petitioner–Appellant,**

v.

**CA DEPT. OF MENTAL HEALTH; John Demorales, Executive Director; California Attorney General, Respondents–Appellees.**

No. 03–17068.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2004.

Filed Feb. 28, 2005.

Amended June 8, 2005.

David M. Porter, Assistant Federal Defender, Sacramento, CA, for the petitioner-appellant.

Craig S. Meyers, Deputy Attorney General, Sacramento, CA, for the respondents-appellees.

Before: PREGERSON and KOZINSKI, Circuit Judges, and RHOADES, SR.,* District Judge.

District of California, sitting by designation.

## ORDER

The motion for an extension of time in which to file a petition for rehearing is GRANTED. The petition for rehearing and for rehearing en banc, received March 29, 2005, is ordered filed.

The opinion filed February 28, 2005, slip op. at 2251 [399 F.3d 1069], is amended as follows:

Slip op. at 2261 [399 F.3d at 1074], Lines 6–8:

Delete "the state did not petition to commit him for a second two-year term;"

Slip op. at 2261 [399 F.3d at 1074], Line 14:

Replace "have asked" with "have been successful in asking"

Slip op. at 2264 [399 F.3d at 1075], Lines 4–9:

Replace "Because Jackson did not demonstrate that he had standing to challenge the state court's jurisdiction to order his confinement, the district court lacked jurisdiction to consider his habeas petition. The judgment of the district court is vacated, and the case is remanded with instructions that the petition be dismissed."

with

"Because Jackson did not demonstrate that he had standing to challenge the state court's jurisdiction to order his confinement, the district court lacked jurisdiction to consider his habeas petition. However, Jackson's failure to allege facts to support his standing may well have resulted from the fact that respondents did not contest standing in the district court. In view of Jackson's claims on appeal regarding the circum-stances of his voluntary confinement, *see* note 6 *supra,* and without deciding whether such claims are sufficient to support standing, we remand for the district court to determine, after permitting the parties to address the issue, whether Jackson has standing to bring this challenge. *See United Union of Roofers No. 40 v. Ins. Corp. of Am.,* 919 F.2d 1398, 1402–03 (9th Cir.1990); *City of Kenosha v. Bruno,* 412 U.S. 507, 514, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)."

The petition for rehearing is otherwise DENIED. *See* Fed. R.App. P. 40. The petition for rehearing en banc is DENIED. *See* Fed. R.App. P. 35. No further petitions for rehearing or rehearing en banc will be accepted. The mandate shall issue forthwith.