**Vashon Tyrone JACKSON,**
**Plaintiff–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF MENTAL HEALTH; John Demorales, Executive Director; California Attorney General, Defendants–Appellees.**

No. 08–16195.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2009.

Filed March 11, 2009.

David M. Porter, Federal Public Defender's Office, Sacramento, CA, for Plaintiff–Appellant.

Craig S. Meyers, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GOULD, BYBEE, and TYMKOVICH,* Circuit Judges.

## MEMORANDUM **

Vashon Tyrone Jackson seeks federal habeas relief, claiming that his commitment under California's Sexually Violent Predator Act (SVPA) violates federal due process. Jackson was committed in 1996 after qualifying for the SVPA by virtue of three previous convictions for unlawful sexual intercourse with a minor and forcible rape. Jackson argues California unlawfully held him in custody for SVPA proceedings after he had successfully completed a 6–month sentence for a parole violation. As a result, he maintains his continuing custody under the SVPA violates his Fourteenth Amendment right to due process.

Because California's application of state law was not contrary to or an unreasonable application of United States Supreme Court due process law, we DENY his habeas corpus petition.

## I. Background

The parties are familiar with the facts and procedural background so we need not recount all of the details here.

In sum, California's SVPA allows the state to confine particularly dangerous individuals who have been convicted of multiple sexual offenses. Cal. Welf. & Inst. Code § 6600 *et seq.* The SVPA defines a "sexually violent predator" (SVP) as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." *Id.* § 6600(a) (as in effect in 1996). In order to confine a person under the SVPA, the state must petition a court to commit him, *id.* § 6601(i), and the court or a jury must determine that he is a SVP, *id.* § 6604. A SVPA petition may be filed only if the person named in the petition is *"in custody under the jurisdiction of the Department of Corrections"* at the time the petition is filed. *Id.* § 6601(a) (emphasis added).

The SVPA took effect on January 1, 1996, when Jackson was in prison for a parole violation. He was scheduled for parole release at 12:00 a.m. on February 25, 1996. Because Jackson had multiple rape convictions, state officials began considering him for confinement under the SVPA. The state Board of Prison Terms (BPT) completed several preliminary steps in late 1995. On January 29, 1996 and February 20, 1996, Jackson was evaluated by two psychologists, as required by the SVPA, and both determined that Jackson met the criteria for civil confinement under the SVPA.

On January 26, 1996, "perhaps concerned that it would not be able to satisfy the prerequisites for filing an SVPA petition before Jackson's scheduled release,"

---

* The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Jackson v. California Dep't of Mental Health,* 399 F.3d 1069, 1070 (9th Cir.2005), *as amended on denial of reh'g,* 417 F.3d 1029 (9th Cir.2005), the BPT placed an anticipatory three-day hold on Jackson's release. To justify the hold, the BPT appears to have relied on Cal.Penal Code § 3056. The hold was scheduled to take effect at 12:01 a.m. on February 25 and Jackson's new release date was now February 28, 1996.

On February 27, the day before Jackson's new release date and two days after his original one, the BPT determined that there was probable cause that Jackson was a sexually violent predator. As a result, the BPT placed a 45-day hold on Jackson's release pursuant to Cal.Code Regs. tit. 15, § 2600.1.

On March 13, 1996, while the 45-day hold was in force, the Sacramento County District Attorney filed a petition in superior court to have Jackson committed under the SVPA. After several hearings were held, including ones on April 8 and 15, Jackson was appointed an attorney. Jackson waived time requirements under the SVPA, and the mandatory judicial probable cause hearing was continued until May 6, 1996. After further continuance requests by Jackson, the superior court finally found probable cause existed to believe Jackson met the criteria for civil confinement as a SVP.

On June 2, 1997, a jury determined that Jackson was a sexually violent predator, and he was ordered committed for two years at Atascadero State Hospital. Jackson directly appealed, raising issues unrelated to this case. He did not challenge the jurisdiction of the state court pursuant to the SVPA. The California Court of Appeal affirmed the jury verdict and the California Supreme Court denied Jackson's petition for review.

While his direct appeal of the jury verdict was pending, Jackson filed a state habeas petition. In his petition, he argued the three-day hold on his release was illegal and the state was required to release him on February 25 under California's "mandatory kick-out" rule. In particular, Jackson claimed he was not in "lawful" custody when the SVPA petition was filed and therefore the state court did not have jurisdiction to order him confined. Both the California Court of Appeal and the California Supreme Court summarily denied his habeas petitions.

Jackson filed a petition for a writ of habeas corpus in federal court, and after a remand on procedural grounds, *Jackson,* 417 F.3d 1029, the district court denied the petition since it would have been required to reach state law issues already determined by the California state courts. Subsequently, the district court granted Jackson a certificate of appealability and stated the issue on appeal as:

> Whether the judgment under which Mr. Jackson is in custody was rendered by a court without jurisdiction in violation of his federal constitutional right to due process of law.

This appeal followed.

## II. Standard of Review

We review a district court's denial of a petition for writ of habeas corpus *de novo. Eslaminia v. White,* 136 F.3d 1234, 1236 (9th Cir.1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that we cannot grant federal habeas corpus for any claim decided on the merits in state court unless the state court's adjudication of the claim was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d) (2006).

### III. Analysis

On appeal, Jackson contends his due process rights were violated by California. His claims center on whether California unlawfully held him in custody under the SVPA thereby violating his federal due process rights. We conclude that Jackson was properly held pursuant to California law.

#### A. Custody

First, Jackson argues he was not in "lawful custody" at the time the BPT conducted its SVPA probable cause determination. We disagree.

#### 1. Scope of Review of State Law Error

"[F]ederal habeas corpus relief does not lie for *errors of state law." Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (emphasis added) (citing *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)). And it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67–68, 112 S.Ct. 475; *Hubbart v. Knapp,* 379 F.3d 773, 780 (9th Cir.2004) ("We may not second-guess the California appellate court's construction of its own state law....").

Hence, a federal habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable claim pursuant to § 2254. *Hubbart,* 379 F.3d at 779. In determining whether a state court decision is contrary to federal law, "we look to·the state's last reasoned decision ... as the basis for its judgment." *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002). In the face of a summary disposition by the state courts, as we have here, we "must undertake our own analysis of the embedded state law question." *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir. 2003).

#### 2. Custody was Lawful or in Good Faith

█ Jackson claims, as a "parolee on parole," the SVPA was inapplicable to him. Specifically, he claims the SVPA—as in effect in 1996—only permitted civil confinement of "inmates who were in custody serving a determinate sentence or in custody following a revocation of parole." This is incorrect.

California courts interpret state law and deem parolees to be in legal custody while on parole status. *People v. Hernandez,* 229 Cal.App.2d 143, 149, 40 Cal.Rptr. 100 (1964) ("[A] parolee is not a prison inmate in the physical sense, he is constructively a prisoner under legal custody of the State Department of Corrections and may be returned to the prison walls without notice and hearing."). And, California law allows parole agents to prevent a parolee, "in the event he is already in jail, ... from being released on bail, on his own recognizance or after the expiration of any sentence he may have been required to serve." *In re Law,* 10 Cal.3d 21, 24 n. 2, 109 Cal.Rptr. 573, 513 P.2d 621 (1973). Based on these authorities, Jackson was properly detained for application of the SVPA.

█ Even if the BPT exceeded its detention authority, "custody" as intended by the SVPA was not lost. The California legislature amended section 6601 to provide as follows: "A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of *a good faith mistake of fact or law." People v. Superior Court (Small),* 159 Cal.App.4th 301, 307, 71 Cal.Rptr.3d 462 (2008) (quoting the amended version of Cal. Welf. & Inst.Code

§ 6601(a)(2) (2008)). The amended version of section 6601(a)(2) expressly states it applies retroactively to "any petition filed on or after January 1, 1996." Here, the petition for confinement pursuant to the SVPA was filed in March 1996, so this retroactive provision is applicable. Jackson points to nothing that suggests California officials were acting in bad faith in applying the SVPA in these circumstances.[1]

Nevertheless, even assuming Jackson's custody was "unlawful" as a matter of state law, his contentions regarding the BPT's and California courts' lack of jurisdiction are not persuasive.

■ California courts have stated that *lawful* custody is *not* a jurisdictional prerequisite for a SVPA application. *E.g., People v. Hedge,* 72 Cal.App.4th 1466, 1478, 86 Cal.Rptr.2d 52 (1999) (stating "the unambiguous language of the Act contains no requirement a defendant's custody be 'lawful' at the time such petition is filed, only that the person alleged to be an SVP be in 'custody under the jurisdiction of the [DOC].'" (alteration in original)). Thus, California officials still had jurisdiction over Jackson pursuant to the SVPA.

In sum, Jackson's custody did not violate state law.

### B. Due Process

■ Even if Jackson's custody was not lawful under the SVPA, any confinement did not implicate his federal due process rights.

California courts have clearly stated that *lawful* custody by the California Department of Corrections is not a jurisdictional prerequisite for application of the SVPA,

only actual *physical* custody. *See Hedge,* 72 Cal.App.4th at 1478, 86 Cal.Rptr.2d 52; *People v. Superior Court (Whitley),* 68 Cal.App.4th 1383, 1390, 81 Cal.Rptr.2d 189 (1999); *Garcetti v. Superior Court,* 68 Cal. App.4th 1105, 1117–18, 80 Cal.Rptr.2d 724 (1998). Recognizing this, Jackson also argues the California courts' interpretation and application of the SVPA deprived him of his federal due process rights. In particular, he claims California's mandatory discharge provision gives rise to a state-created liberty interest. We disagree, for two reasons.

First, although Jackson paints his civil confinement as a substantive due process violation, in reality, he claims that the state failed to follow its own procedures for a SVP determination.

As discussed above, California courts have found section 6601 does not necessarily require lawful custody. *See People v. Wakefield,* 81 Cal.App.4th 893, 898, 97 Cal. Rptr.2d 221 (2000) ("[L]awful custody has never been a jurisdictional prerequisite to filing an SVP petition."); *Garcetti,* 68 Cal. App.4th at 1117–18, 80 Cal.Rptr.2d 724 (same); *see also In re Smith,* 42 Cal.4th 1251, 73 Cal.Rptr.3d 469, 178 P.3d 446, 458 (2008) (implicitly approving of this conclusion). Similarly, individuals subject to a parole release are still in "constructive custody." *In re Smith,* 73 Cal.Rptr.3d 469, 178 P.3d at 458 (citing Cal.Penal Code § 3056, which states: "Prisoners on parole shall remain under the legal custody of the department ...").

More significantly, we rejected the same argument in *Hubbart v. Knapp,* 379 F.3d 773, 779–80 (9th Cir.2004). We concluded in *Hubbart:*

---

1. Jackson argues the BPT's actions were "at the very least, grossly negligent" conduct. Other than stating the BPT's actions were not permitted under the California statutes or regulations, Jackson offers no proof the BPT did not act in good faith reliance on its authority under the relevant law.

Under AEDPA, we again defer to the state court, which held that "there is no due process violation where the person was not in lawful custody at the time the petition was filed ... [provided that] custody ... result[ed] from a good faith error rather than negligent or intentional wrongdoing.

\*       \*       \*

The California appellate court concluded that "an SVPA commitment resulting from unlawful custody [does not] violate due process where, as here, the unlawful custody was the result of good faith error and where, as here, the SVP is provided with numerous procedural safeguards. SVPA safeguards include requirements that accused sexually violent predators receive diagnoses from two psychiatrists or psychologists, assistance of counsel, and trial by jury on proof beyond a reasonable doubt. As the state court concluded, "[a] person in unlawful custody who is alleged to be an SVP still has all of the procedural safeguards that the SVPA provides in order to decrease the risk of an erroneous liberty deprivation."

379 F.3d at 780–81 (citations omitted) (emphasis added) (alterations in original).[2]

Jackson alleges the unlawful custody was not a product of a good faith mistake. But he fails to present any evidence other than his legal arguments, which provide no support.

In any event, the Supreme Court has allowed states to impose involuntary civil commitment on individuals who are not currently in actual custody, after expiration of a prison term, or even where the individual had been found not guilty of the crime by reason of insanity. *Kansas v. Hendricks*, 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). Jackson was provided with all of the due process protections required by *Hendricks*.

In conclusion, although Jackson's state habeas petition was summarily denied, our review of the embedded state legal issues satisfies us that California properly fulfilled the SVPA prerequisites for civil commitment. Consequently, there is no due process claim here—the state's action was not "contrary to" nor an "unreasonable application" of Supreme Court law on procedural due process.

\*       \*       \*

For the reasons set forth above, we DENY Jackson's petition.

2. The federal habeas petitioner in *Hubbart* similarly contended his "custody" by the California Department of Corrections was unlawful and thereby precluded the application of the SVPA. 379 F.3d at 779. Rejecting this argument, we found the "California Court of Appeal rejected Hubbart's interpretation of the SVPA's 'in custody' provision as a matter of state law. The state court held that the SVPA contains 'no explicit requirement that a defendant's custody be lawful; it require[s] only that the person alleged to be a SVP was in custody under the jurisdiction of the Department of Corrections.' " *Id.* (citation omitted) (quoting *People v. Hubbart*, 88 Cal. App.4th 1202, 1229, 106 Cal.Rptr.2d 490 (2001)) (finding that "Hubbart's commitment proceedings complied with the SVPA's 'in custody' requirement, despite the fact that he was held due to a 'mistake of law' when his SVPA proceedings began").