Filed 5/31/16  P. v. Cervantes CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINGO CERVANTES,<br><br>    Defendant and Appellant. | 2d Crim. No. B265297<br>(Super. Ct. No. 2012034793)<br>(Ventura County) |

Domingo Cervantes was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  Cervantes contends the trial court erred because the PRCS revocation process violates his rights to due process and equal protection.  We affirm.

### FACTS

In 2012, Cervantes was convicted of possessing a firearm by a felon.  (Pen. Code, § 29800, subd. (a)(1).)  He was sentenced to two years in state prison.  He was released on PRCS.

On March 26, 2015, Cervantes was arrested for violating the terms and conditions of his PRCS.  He was arrested by police for obstructing and delaying a peace officer. (Pen. Code, § 148, subd. (a)(1).)

On March 27, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. At that hearing, Cervantes said, among other things, that "[h]e is always violated for the 'same shit'" and that "he didn't report because he 'doesn't like to.'" Cervantes refused a "waiver offer and requested a formal Court hearing." Meza found probable cause for finding Cervantes violated his PRCS conditions.

In the April 2, 2015, probation officer's written report for revocation of PRCS, the probation agency stated that Cervantes was advised of his right to counsel and "the public defender's office has been notified of this petition." It said, "[Cervantes] is before the Court for his 5th revocation of his Post Release Community Supervision case. Since his original release from CDCR, the offender has only reported to Probation on two separate occasions. He has made no measurable effort to comply with the simplest terms and conditions . . . ." The probation agency said that Cervantes's Penal Code section 148, subdivision (a)(1) offense "puts the offender's safety in jeopardy," as well as "the safety of peace officers and innocent civilians"; consequently, "custody time is warranted."

On April 3, 2015, the Ventura County Probation Agency filed a petition for revocation of PRCS.

On May 7, 2015, Cervantes's counsel filed a motion to dismiss the petition. Cervantes argued the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On May 8, 2015, the trial court held a hearing on that motion. The court ruled *Williams*, a parole revocation case, had no application to PRCS. It found probation had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards and it denied the motion.

On that same day, the trial court found Cervantes had violated his PRCS conditions. It ordered him to serve 180 days in the Ventura County jail with a total credit of 88 days.

DISCUSSION

Cervantes contends, among other things, that the process used to revoke his PRCS violated his right to due process because he was not promptly arraigned or given a

2

probable cause hearing before a neutral decision maker, as required by *Morrissey*. Because the process afforded persons subject to PRCS differs from that afforded to parolees, he argues the PRCS revocation process violates equal protection.

The PRCS procedures here do not violate Cervantes's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Cervantes received a prompt probable cause hearing. (*Id*. at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey, supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) Parole procedures and PRCS procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid*.)

Cervantes contends PRCS participants have a right to be arraigned within 10 days of their arrest because *Williams* held parolees have this right. But we need not decide whether this applies to PRCS because Cervantes has not shown he was prejudiced. (*In re La Croix* (1974) 12 Cal.3d 146, 154.) On March 27, 2015, the same day as his probable cause hearing, and one day after his arrest, Cervantes appeared in court with his public defender for "arraignment" on his "Post Release Offender Supervision case."

Cervantes has failed to cite to the record to show that he presented evidence in the trial court to challenge the court's finding that he received a due process compliant probable cause hearing. He claims that the hearing officer was not "neutral" and "detached," and failed to adequately examine "the circumstances" justifying his "continued detention." But Cervantes has not cited to the record to support these claims. Before the trial court ruled on his motion to dismiss the petition, he had an opportunity to present evidence to support his assertions about a hearing officer who was not neutral and an unfair probable cause hearing. But his counsel merely presented oral argument without any evidence to support his claims. Cervantes consequently is not in a position to challenge the trial court findings that the probable cause hearings comply with *Morrissey* standards.

3

Moreover, denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix, supra*, 12 Cal.3d at pp. 154-155.) Cervantes makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698.) He has failed to cite facts from the record to show that he did not violate his PRCS conditions. He has already served his custodial sanction. "[T]here is nothing for us to remedy . . . ." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.) We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

4

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.