Filed 5/31/16  P. v. Rodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ECTOR RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B266473<br>(Super. Ct. No. 2011039938)<br>(Ventura County) |

Ector Rodriguez was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found Rodriguez in violation of PRCS.  Rodriguez contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Rodriguez was convicted of corporal injury to a spouse.  (Pen. Code, § 273.5, subd. (a).)  He was placed on formal probation for 36 months.  In 2014, he violated his probation conditions and was sentenced to two years in state prison.

In 2015, Rodriguez was released on PRCS.

On May 22, 2015, Rodriguez was arrested for violating his PRCS conditions.  Among other things, he failed to participate in 52 weeks of domestic violence counseling.

On May 28, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding that Rodriguez violated his PRCS conditions.

In the June 5, 2015, probation officer's written report for revocation of PRCS, the probation agency stated that Rodriguez was advised of his right to counsel, he denied the violation, and "declined to accept" a "proposed sanction."

On June 5, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS.

On June 18, 2015, Rodriguez's counsel filed a motion to dismiss the petition. Rodriguez claimed the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On June 18, 2015, the trial court held a hearing on that motion. The court ruled *Williams*, a parole revocation case, had no application to PRCS. It found probation had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards and denied the motion.

On June 22, 2015, the trial court found Rodriguez had violated his PRCS conditions. It ordered him to serve 120 days in the Ventura County jail with a total credit of 64 days.

DISCUSSION

Rodriguez notes that in *Williams* the court held parolees must be arraigned within 10 days of their arrest for parole violations. But we need not decide whether this requirement applies in PRCS revocation proceedings because appellant has not shown he was prejudiced. (*In re La Croix* (1974) 12 Cal.3d 146, 154.) On May 28, 2015, the same day as his probable cause hearing, and six days after his arrest, Rodriguez was arraigned in court on his PRCS case and was represented by counsel.

Rodriguez contends, among other things, that 1) he was denied due process because he did not receive a *Morrissey*-compliant probable cause hearing, 2) PRCS violates Proposition 9 procedures, 3) he was not provided an "adequate probable

2

cause hearing," 4) the hearing was "a pro forma, ex-parte interview," 3) Meza did not advise him of his procedural rights and the right to request a continuance, and 5) Meza made inadequate fact findings.

The PRCS procedures here do not violate Rodriguez's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Rodriguez received a prompt probable cause hearing. (*Id.* at p. 402.) PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) Rodriguez did not present evidence in the trial court to support his assertions about how his probable cause hearing was conducted. Consequently, there is no evidentiary record to support his claims that PRCS hearing officers are not neutral, that their findings are incorrect or not reliable, that the procedure was unfair or that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in a position to challenge the trial court's finding that the probable cause hearing complied with *Morrissey* standards.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix*, *supra*, 12 Cal.3d at pp. 154-155.) Rodriguez makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) At the revocation hearing, when the trial court asked Rodriguez if he "wish[ed] to submit the matter to the Court on the allegations contained in the petition," both he and his counsel answered in the affirmative. Rodriguez has served his custodial sanction. He has not shown grounds for reversal. (*Winn*, at pp. 697-698; *People v. Woodall* (2013) 216 Cal.App.4th 1221,

3

1238.)  We have reviewed his remaining contentions and conclude he has not shown error.

DISPOSITION

The order granting the petition for revocation of community supervision is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.