Filed 5/31/16  P. v. Rangel CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERNEST RANGEL,<br><br>    Defendant and Appellant. | 2d Crim. No. B264243<br>(Super. Ct. No. 2008008322)<br>(Ventura County) |

Ernest Rangel was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen.Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  Rangel contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Rangel was convicted of sale or transportation of a controlled substance.  (Health & Saf. Code, § 11352, subd. (a).)  He was placed on formal probation for 36 months.  In 2011, after committing probation violations, the trial court sentenced Rangel to five years in state prison.

In 2012, Rangel was released on PRCS.

On February 15, 2015, Rangel was arrested for violating his PRCS conditions.  The probation department noted, among other things, that he had been

arrested by police for obstructing and delaying a peace officer. (Pen. Code, § 148, subd. (a)(1).)

On February 17, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. At that hearing, Rangel initially agreed to sign a "revocation waiver for 180 days in custody." He later "declined to sign" and "provided no additional statement." Meza found probable cause for finding that Rangel violated his PRCS conditions.

In the February 20, 2015, probation officer's written report for revocation of PRCS, the probation agency stated that Rangel was advised of his right to counsel and the public defender's office had been notified.

On February 24, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS.

On March 12, 2015, Rangel's counsel filed a motion to dismiss the petition. Rangel claimed the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On March 12, 2015, the trial court held a hearing on that motion. The court ruled *Williams*, a parole revocation case, had no application to PRCS. It found probation had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards and it denied the motion.

On that same day, the trial court found Rangel had violated his PRCS conditions. It ordered him to serve 160 days in the Ventura County jail with a total credit of 52 days.

DISCUSSION

Rangel contends the process used to revoke his PRCS violated his right to due process because he was not promptly arraigned or given a probable cause hearing before a neutral decision maker, as required by *Morrissey*. He claims he was entitled to be arraigned within 10 days of his arrest because *Williams* held parolees are entitled to this procedure.

The PRCS procedures here do not violate Rangel's due process or equal protection rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Rangel received a prompt probable cause hearing. (*Id.* at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey, supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez,* at p. 402.) PRCS procedures and parole procedures are not required to be identical. (*Gutierrez,* at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*)

The trial court found the probable cause hearing Rangel received complied with due process requirements. Rangel claims the hearing officer was not neutral and the probable cause hearing was unfair. But he did not present *evidence* in the trial court to show this or to challenge the court's due process finding either at his motion to dismiss hearing or at his revocation hearing. Consequently, Rangel did not make an evidentiary showing that the hearing officers are not neutral, that their findings are incorrect or unreliable, that the procedure was unfair, or that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in position to challenge the court's finding that the probable cause hearings comply with *Morrissey* standards.

We need not decide whether the 10-day arraignment requirement in *Williams* applies in PRCS revocation proceedings because Rangel has not shown he was prejudiced. (*In re La Croix* (1974) 12 Cal.3d 146, 154.) On February 17, 2015, the same day as his probable cause hearing, and two days after his arrest, Rangel appeared in court with his public defender for "arraignment" on his "Post Release Offender Supervision case."

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix, supra*, 12 Cal.3d at pp. 154-155.) Rangel makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698.) He submitted on the allegations of the petition at the revocation hearing and he has

3

served the custodial sanction. "[T]here is nothing for us to remedy . . . ." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.) We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Linda L. Currey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.