Filed 8/10/21  P. v. Torchia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>THOMAS PHILLIP TORCHIA,<br><br>    Defendant and Appellant. | C089231<br><br>(Super. Ct. No. CRPR-2018-84-1) |

Defendant Thomas Phillip Torchia appeals an order remanding him to state prison after the trial court found he violated two conditions of his parole--one that was alleged in the petition for revocation of parole and one that was not.  He contends (1) the trial court prejudicially erred by failing to provide him with a preliminary hearing to determine probable cause on the parole violation charge, (2) substantial evidence did not show he willingly violated the uncharged parole condition, (3) the trial court abused its discretion in finding he violated the uncharged parole condition, and (4) that corrections to the minute order identifying the wrong parole condition are required.

1

We conclude defendant was denied his constitutional right to a prerevocation preliminary hearing, but that the error was harmless beyond a reasonable doubt. We shall direct the clerk to amend the minutes for the revocation hearing to properly reflect the court's ruling. The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 1991, defendant was convicted in Shasta County case No. 912015 of one count of conspiracy to commit first degree murder (Pen. Code, §§ 182, 187),[1] lewd and lascivious acts with a child 14 or 15 years old while being at least 10 years older (§ 288, subd. (c)(1)), and sodomy of a person under the age of 16 (§ 286, subd. (b)(2)). He was sentenced to 25 years to life in state prison.

The Board of Parole Hearings found defendant suitable for parole, and released him to Yolo County on October 21, 2018. Defendant's conditions of parole included, among other things, the following:

Condition No. 47: "You shall not view, possess, or have access to any pornographic material; e.g., movies, photographs, drawings, literature, etc."

Condition No. 48: "You shall not view, possess, or have access to any material; e.g., periodicals, newspapers, magazines, catalogs, that depict adults or children in undergarments, nude, partially nude, etc."

Condition No. 85: "You shall not use the computer for any purpose which might further sexual activity; e.g., possession of sexually explicit material in any form; sexually related 'chat' or e-mail exchange; visiting or joining 'chat rooms' which contain sexually explicit conversations; visiting/viewing sexually explicit material on web sites; downloading text or video files, digital images in any format, text files or multi-media

---

[1] Further undesignated statutory references are to the Penal Code.

material that is sexual in nature; or visiting and/or subscribing to user groups, newsgroups, or list servers which contain sexual content."

Condition No. 86: "You shall not use the computer for any purpose which might further sexual activity involving minor children; (e.g., possession of sexually explicit material in any form; sexually related 'chat' or e-mail exchange; visiting or joining 'chat rooms' which contain sexually explicit conversations; visiting/viewing sexually explicit material on web sites; downloading text or video files, digital images in any format, text files or multi-media material that is sexual in nature; or visiting and/or subscribing to user groups, newsgroups, or list servers which contain sexual content)."

After his release, defendant resided at a transitional housing facility. A month later, in November 2018, staff contacted defendant's parole agent, Clinton Lugar, to report that defendant's roommate said defendant was viewing pornography or sexually explicit material on his cell phone.

Agent Lugar conducted a home visit on November 6, 2018, and confiscated defendant's laptop and cell phone. At the time, defendant said he may have clicked on some "popups" accidentally. During a routine checkup two days later, defendant told Agent Lugar that he may have spent a longer duration on the popups rather than immediately logging off. Defendant explained that he had not been able to view such material in a long time given his incarceration and he was curious.

A subsequent examination of defendant's laptop and cell phone revealed that defendant's phone had repeatedly been used to browse adult pornographic Web sites. Defendant was arrested on November 27, 2018, for violating his parole.[2] That same day, Agent Lugar prepared a probable cause determination alleging that defendant had violated his parole for: "possession of pornography." Under a heading entitled

_____

[2] When questioned a third time while in custody, defendant stated, " 'I did it to myself. I give up, I'm going to die in prison.' "

3

"Circumstances of Charge," the probable cause determination referenced parole condition No. 85. The report also described how a forensic analysis of defendant's confiscated phone revealed that on November 5, 2018, defendant's phone visited a pornographic Web site hundreds of times with search terms related to young boys and teens. A supervising parole agent recommended that defendant be retained in custody until a further report was prepared; he also directed that a good cause hearing be scheduled.

On December 4, 2018, Agent Lugar filed a petition to revoke defendant's parole in the Yolo County Superior Court. The petition included a parole violation report, the probable cause determination form, and defendant's signed parole conditions. The petition for revocation did not specifically identify which conditions of parole defendant had allegedly violated. The petition referred to the attached parole report, which alleged a single "violation" for "possession of pornography." As with the probable cause determination form, a section entitled "Circumstances of Charge" referenced parole condition No. 85, but no other specific parole conditions were listed in the report.

That same day, December 4, the trial court found ex parte that there was probable cause to support revoking defendant's parole based on the alleged violation, and preliminarily revoked it. Nothing in the record indicates defendant was given a probable cause hearing before the court made its decision to preliminarily revoke parole.

At a hearing two days later on December 6, 2018, defendant was provided a copy of the revocation petition and the trial court appointed him counsel. The matter was set for a contested hearing in January 2019. At the January hearing, defense counsel requested additional time to file a motion challenging several parole conditions and the matter was continued.

Prior to the continued revocation hearing, defendant filed a motion to modify or delete four parole terms. He argued condition Nos. 47, 48, and 85 were unreasonable under *People v. Lent* (1975) 15 Cal.3d 481, and that condition Nos. 47, 48, 85, and 86 were either unconstitutionally vague or overbroad. The People opposed the motion. In

4

their opposition, the People specifically argued: "this Court should exercise its discretion and revoke the Defendant's parole because he failed to comply with terms 047, 048, 085, and 086 of his parole."

Two months later, in March 2019, the court considered defendant's motion to modify the terms of parole. The court struck condition No. 47 as unconstitutionally vague to the extent it referenced "pornography," but found the remainder of the challenged conditions valid. After ruling on the motion, the court conducted the contested revocation hearing.

At the contested hearing, Agent Lugar testified to the above facts. During cross-examination, defense counsel asked Lugar whether his report stated that defendant violated condition No. 85, and whether that was what "we're dealing with today." Agent Lugar responded "yes." On redirect, the prosecutor asked Lugar whether defendant's conduct had also violated condition No. 48, which prohibited defendant from "view[ing], possess[ing], or hav[ing] access to [any] material; for example, periodicals, newspapers, magazines, catalogs that depict adults or children in undergarments, nude, partially nude, et cetera." Lugar responded that in his "discretion," he believed defendant's conduct of using his phone's Web browser to access and view pornographic material violated both condition Nos. 48 and 85.

Defense counsel did not object to the prosecutor's questions based on condition No. 48. On recross-examination, defense counsel elicited that it would be up to a parole officer's discretion how to enforce condition No. 48, and that, in his opinion, viewing an adult man with his shirt off would not be considered partial nudity.

John Sadlowski, the investigator who examined defendant's electronic devices, also testified at the revocation hearing. According to him, defendant's phone had repeatedly been used to browse adult pornographic Web sites, including accessing the pornographic Web site "xhamsters.com" 400 times using search terms such as "teen,"

"anal," "boy," "young," "gay," and "twink."[3]  The videos searched for generally showed two nude males engaging in sex acts.  His investigation of the browser history further revealed searches for the live-streaming adult pornography Web site "chaterbate.com." The phone's Web history showed a user accessed the Web site over 100 times in a six-hour period, and had over 800 "tokens" (or approximately $64 worth of credit) to view the Web site's adult live-streaming content.  Interspersed throughout the search history were entries showing the Facebook account of "Thomas Torchia" had been accessed. During cross-examination, Sadlowski confirmed that he did not find any child pornography related videos, chat rooms, or social network sites on defendant's phone.

Defendant did not testify, nor did he present any evidence during the hearing.  In closing, defense counsel renewed her objections to the constitutionality of both condition Nos. 48 and 85.  She also argued that defendant's cell phone did not qualify as a computer for purposes of condition No. 85.  As for condition No. 48, counsel acknowledged that viewing naked adults on the Web site would be an issue, but again reiterated her constitutional objection to the condition.  The prosecutor argued defendant's conduct violated both conditions.

After considering counsels' arguments, the trial court found defendant violated both condition Nos. 48 and 85.  The court remanded defendant to the Department of Corrections and Rehabilitation for further evaluation by the parole board.  Defendant timely appealed.

---

[3] The investigation also located the following search terms on defendant's phone:
" 'teen sex-slave,' " " 'boys young anal together,' " and " 'bareback young boy.' "

# DISCUSSION

## I.

### *Preliminary Hearing*

Defendant contends the trial court violated his due process right to a prerevocation preliminary hearing to determine whether there was probable cause to believe he had violated the terms of his parole. The absence of such a hearing, defendant argues, was prejudicial because he could have marshalled evidence and testimony to show his conduct did not violate condition No. 48, which was not referenced in the revocation petition. We agree the defendant should have received a preliminary hearing prior to the final revocation hearing, but conclude the error was harmless.

Parolees facing revocation are constitutionally entitled to certain due process protections. (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*); *People v. DeLeon* (2017) 3 Cal.5th 640, 644 (*DeLeon*).) "These include the right to a prompt preliminary hearing after arrest to determine whether there is probable cause to believe a parole violation has occurred." (*DeLeon,* at p. 644; *Morrissey,* at pp. 485-487.)

The Criminal Justice Realignment Act of 2011 transferred jurisdiction over most parole revocation hearings from the Board of Parole Hearings to the superior courts. (§ 3000.08, subds. (a), (f), added by Stats. 2011, ch. 39, § 38 [Assem. Bill No. 117 (2011-2012 Reg. Sess.)], amended by Stats. 2012, ch. 43, § 35 [Sen. Bill No. 1023 (2011-2012 Reg. Sess.)]; *DeLeon, supra*, 3 Cal.5th at p. 644.) "In 2012 the Legislature amended section 1203.2 to incorporate parole into the statutes governing revocation of probation, mandatory supervision, and postrelease community supervision. (§ 1203.2, subds. (a), (b)(1), (f)(3)(E), as amended by Stats. 2012, ch. 43, § 30 [Sen. Bill No. 1023 [(2011-2012 Reg. Sess.)]].)" (*DeLeon*, at p. 647.)

"Together, sections 1203.2 and 3000.08 establish a statutory framework for parole revocation." (*DeLeon, supra*, 3 Cal.5th at p. 647.) Under those provisions, a parolee may be arrested, with or without a warrant, based on probable cause to believe that a

parole violation has occurred.  (§§ 1203.2, subd. (a); 3000.08, subd. (c).)  The supervising parole agency determines if there is good cause to believe the subject has violated parole, and may impose intermediate sanctions, including flash incarceration for up to 10 days.  (§ 3000.08, subds. (d), (e).)  If intermediate sanctions are deemed inappropriate, the parole agency must petition the superior court to revoke parole and provide notice to the parolee.  (§§ 1203.2, subd. (b); 3000.08, subd. (f).)  The superior court may modify or revoke parole if the interests of justice so require.  (§§ 1203.2, subd. (b); 3000.08, subd. (f).)

Although section 1203.2 does not expressly provide for a preliminary hearing, our Supreme Court recognized in *DeLeon* that that right was firmly established in constitutional precedent.  (*DeLeon, supra*, 3 Cal.5th at p. 655, citing *Morrissey, supra*, 408 U.S. at pp. 485-487 & *In re La Croix* (1974) 12 Cal.3d 146, 152.)  When a parolee is arrested for an alleged parole violation, some minimal inquiry must be conducted at or reasonably near the time of arrest while information is fresh and sources are available.  (*DeLeon,* at p. 654.)  Such an inquiry is in the nature of a preliminary hearing to determine whether probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.  (*Ibid.*)  The determination must be made by someone uninvolved in the case, and the procedure is informal.  (*Ibid.*)  The parolee must be given notice and a chance to appear and speak on his own behalf.  (*Ibid.*)  He may bring documentary evidence or persons who can provide relevant information to the hearing officer, and witnesses to the parole violation generally must be made available for questioning.  (*Ibid.*)  The hearing officer then decides whether probable cause supports continued incarceration pending a final revocation hearing.  (*Ibid.*)  Although formal findings of fact and conclusions of law are not required, the hearing officer must prepare a summary of what occurs at the hearing, the parolee's responses, and the substance of documents or evidence given or relied upon, and must state the reasons for his determination.  (*Ibid.*)

8

At a final hearing to determine if parole should be revoked, due process requires, at a minimum, written notice of the alleged parole violations, disclosure of the evidence against the parolee, an opportunity for the parolee to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses absent good cause to deny confrontation, an impartial hearing body, and a written decision regarding the evidence and the reasons for revoking parole. (*DeLeon, supra*, 3 Cal.5th at p. 654)

In this case, defendant was not given a prerevocation preliminary hearing. Agent Lugar signed the probable cause form on November 27. He filed the petition to revoke probation on December 4, 2018, and that same day the court found ex parte that probable cause existed to believe that defendant had violated the terms of his parole. Proceeding ex parte to determine probable cause, rather than providing a preliminary hearing, deprived defendant of his constitutional right to due process. (*DeLeon, supra*, 3 Cal.5th at p. 655.)

That defendant was denied a preliminary hearing, however, does not end our inquiry. A violation of a parolee's right to a prerevocation preliminary hearing to determine probable cause "does not necessarily mean that he is automatically entitled to relief therefrom." (*DeLeon, supra*, 3 Cal.5th at p. 659.) The parolee must prove prejudice. (*Id.* at pp. 659-660.) That is, if the denial of the constitutionally mandated hearing was harmless beyond a reasonable doubt, reversal is not warranted. (*Ibid.*)

In this case, defendant argues he was prejudiced because the revocation petition did not reference condition No. 48. Had a preliminary hearing been held, he contends his counsel could have shown that only condition No. 85 was at issue, and the trial court could not have found probable cause to believe he violated condition No. 48 because no evidence related to that condition would have been entered in the record or argued before the court.

9

The People argue defendant forfeited his appellate challenge by failing to raise an objection to the probable cause determination or to the notice given. Even if we assume, without deciding, that defendant's challenge has been preserved, we are not convinced by defendant's speculative argument given the record on appeal.

The record shows that nearly a month before the final revocation hearing, defendant was on notice that the prosecutor had asked the court to find him in violation of both condition No. 85 *and* condition No. 48 for his conduct in using his phone to repeatedly view pornographic Web sites and images. At the final revocation hearing, defendant *never objected* that condition No. 48 was not specifically listed in the revocation petition, and he presented no evidence as to why his conduct did not violate that condition. Defense counsel challenged the condition's constitutionality. However, defense counsel also conceded defendant's conduct was problematic under condition No. 48.

Given that defendant did not challenge the omission of condition No. 48 in the petition at the final revocation hearing even though he was well aware that the prosecutor expressly asked the court to find such a violation in prehearing briefing and had a copy of the revocation petition that did not specifically reference condition No. 48, we are convinced beyond a reasonable doubt that he would not have done so at a prerevocation probable hearing had one been held. And defendant presents nothing to suggest that all factual issues to be presented at the preliminary hearing to which he was entitled would not necessarily have been decided against him as to both condition Nos. 48 and 85, as the same evidence of his conduct was alleged to have violated both conditions at the final revocation hearing. (*In re La Croix, supra*, 12 Cal.3d pp. 154-155.)

## II.

### *Violation of Parole Condition No. 48*

Defendant contends that insufficient evidence supports the trial court's finding that he willfully violated condition No. 48, and that the court abused its discretion by so finding. We disagree.

The crux of defendant's argument is that condition No. 48 only refers to "physical objects" and that his conduct of viewing nude males on his phone does not violate the condition. In other words, he interprets the condition's reference to viewing, possessing, or having access to "any material" such as "periodicals, newspapers, magazines, [and] catalogs" to mean *hard copies* of those items. But the plain language of the condition is not so limited.

Defendant attempts to insert words (i.e., hard copies or physical objects) into the condition. The general rules of statutory construction do not allow us to insert words into the condition. (*People v. Guzman* (2005) 35 Cal.4th 577, 587 [court may not insert words into statute that Legislature has omitted]; Code Civ. Proc., § 1858.) Nothing in condition No. 48 limits prohibited viewing, possessing, or accessing nude or partially nude images of adults or children to only hard copy materials. Magazines and other periodicals are regularly found in electronic formats and condition No. 48's plain language does not distinguish between hard copies and electronic copies. Our role is not to rewrite the condition to conform to an assumed intent that does not appear from its plain language. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

Defendant does not dispute that he accessed and viewed material containing fully or partially nude individuals engaged in sex acts. Given the overwhelming forensic evidence presented at the revocation hearing, as well as defendant's own statements, the trial court could reasonably conclude that defendant's conduct violated not only condition No. 85, which finding defendant does not challenge on appeal, but also condition No. 48.

11

### III.

#### *Correction to Minute Order*

The clerk's minutes state that the trial court found defendant violated condition Nos. 48, 85, and 86, but the court did not address condition No. 86 in its ruling. We shall direct the clerk to correct the minutes to reflect the trial court's actual ruling. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

### DISPOSITION

The judgment is affirmed. The clerk is directed to correct the March 13, 2019, minutes to reflect that the trial court found defendant in violation of parole condition Nos. 48 and 85; the clerk shall delete the reference to condition No. 86 in the minutes.


  /s/
HOCH, J.



We concur:



  /s/
HULL, Acting P. J.



  /s/
MURRAY, J.


12